UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EDWARD F. CAREY and MARGARET CAREY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 09cv10530-NG |
| VIAD CORP., et al., | ) ) | |
| Defendants. | ) | |

GERTNER, D.J.

MEMORANDUM AND ORDER RE: MOTION TO REMAND
September 28, 2009

Plaintiffs brought this personal injury suit against manufacturers of asbestos-containing equipment in Massachusetts state court.  According to the Complaint, Edward Carey worked with and in close proximity to the defendants' asbestos-containing products as a sheetmetal worker at the Fore River Shipyard in Quincy, Massachusetts, from 1949 to 1952, and at various commercial and industrial sites in Massachusetts from approximately 1955 to the 1970s.  See Compl. ¶ 4, Ex. 1 to Notice of Removal (document # 1-2).  The plaintiff's exposure to asbestos allegedly caused him to develop colon cancer, asbestosis, and other asbestos-related diseases.  See id. ¶ 15.  All of the plaintiffs' claims are based on state law.

One of the defendants, Viad Corp. ("Viad"), removed the case from Middlesex Superior Court to this Court.  According to Viad, during the time when its actions allegedly led to Mr. Carey's exposure to asbestos, it was acting under the government's instructions as a federal contractor.  See Notice of Removal (document # 1).  In Viad's view, its contractor status not only provides a substantive defense, see Boyle v. United Technologies Corp., 487 U.S. 500

(1988), but entitles it to a federal forum because it was acting as a federal officer. See 28 U.S.C. § 1442(a)(1) (providing for removal by federal officers); Mesa v. California, 489 U.S. 121 (1989) (construing the federal officer removal statute); see also Hilbert v. McDonnell Douglas Corp., 529 F. Supp. 2d 187, 196-99 (D. Mass. 2008) (discussing, on similar facts, defendants' assertion of the federal contractor defense as a basis for removal under § 1442(a)(1)).  Viad's action removed the case as to every defendant, but no other defendants independently assert that they, too, are entitled to a federal forum.  See Akin v. Ashland Chem. Co., 156 F.3d 1030, 1034 (10th Cir. 1998) (noting that federal officer removal need not be unanimous).  The plaintiffs oppose removal and seek to return the case to state court.  Accordingly, they have filed a Motion to Remand (document # 13).

This case is all but identical to the parties and arguments addressed in this Court's May 4, 2009 Memorandum and Order in Holdren v. Buffalo Pumps, Inc., Case No. 08cv10570-NG.  For the reasons stated therein, the Court finds that Viad has failed to raise a colorable federal defense and, separately, has failed to satisfy the causation requirement of the removal statute, 28 U.S.C. § 1442(a)(1).  As a result, this Court lacks subject-matter jurisdiction over the pending action. The plaintiffs' Motion to Remand (document # 13) is **GRANTED**.

**SO ORDERED.**

Date: September 28, 2009         /s/ Nancy Gertner
                                 **NANCY GERTNER, U.S.D.C.**